# Commonwealth *v.* Johnson, Appellant.

*Criminal law—Murder—Manslaughter.*

On the trial of an indictment for murder, a conviction of murder of the first degree will be sustained where there is evidence tending to show that the prisoner went to the room of a man with whom he had a quarrel about fifteen minutes to half an hour before, and deliberately

discharged a pistol at this man, but in doing so shot and killed another person.   In such a case it would be manifest error for the court to direct a verdict of manslaughter.

The court comments on disregard of the rules as to assignments of error.

Argued Oct. 21, 1907.   Appeal, No. 328, Jan. T., 1907, by defendant, from judgment of O. & T. Phila. Co., Nov. T., 1906, No. 624, on verdict of guilty of murder of the first degree in case of Commonwealth v. William H. Johnson.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Indictment for murder.   Before RALSTON, J.

At the trial it appeared that on October 20, 1906, the prisoner had a quarrel with a man named John Pritchett.   About a quarter of an hour to half an hour afterward the prisoner went to Pritchett's room and discharged a pistol at him, but shot and killed Rebecca Johnson.   The prisoner claimed that he shot at Pritchett because the latter was about to shoot at him.

The court submitted the case to the jury defining the various degrees of homicide, including manslaughter.

Verdict of guilty.   The defendant was sentenced to death.

*Errors assigned* were in the following form :

1. That the learned court erred in refusing to give the jury instructions for manslaughter.

2. That the court erred in declining the instructions asked for by the defendant.

3. That the court erred in overruling the defendant's motion for a new trial.

4. That the court erred in permitting hearsay testimony set out in the bill of exceptions.

*Hugh Roberts*, for appellant.

*Joseph H. Taulane*, assistant district attorney, and *Samuel P. Rotan*, district attorney, for appellee, were not heard.

PER CURIAM, November 4, 1907 :

The assignments of error are in such manifest violation of

the rules of court that they ought strictly to be disregarded. Counsel should understand by this time that rules of court are made for the certainty and facilitation of business, and compliance with them is the first requisite to entitle parties to a hearing even in a case of homicide.

But even if properly assigned the complaints of error here are totally devoid of merit. The first, that the judge refused "to give the jury instructions for manslaughter," is not correct in fact unless it is meant that he should have directed a verdict of manslaughter which would. have been manifest error.

That the shot which killed the deceased was aimed at another person does not in any way vary the nature and degree of the crime.

Judgment is affirmed and record remitted to the court below for execution.